IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOHN C. MATUNAS, D.D.S.,PA., and DR. JOHN MATUNAS, | ) ) ) | Case No. CV-06-484-S-BLW |
| Plaintiffs, | ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) | |
| PRACTICEWORKS SYSTEMS, LLC, and JOHN DOES 1 through 10, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it a motion to dismiss or transfer filed by defendant PracticeWorks and a motion to amend filed by plaintiff Dr. Matunas. The Court heard oral argument on the motions on June 6, 2007, and took them under advisement. For the reasons expressed below, the Court shall deny the motion to dismiss or transfer and shall grant the motion to amend.

## FACTUAL BACKGROUND

Plaintiff Dr. Matunas is a Boise-based orthodontist. In 1998, he signed two related contracts with Georgia-based OMSystems, Inc. The first was for hardware and software designed for his orthodontic practice. Under the second, entitled

**Memorandum Decision and Order – Page 1**

Support and Maintenance Agreement (Agreement), OMSystems agreed to provide

support and maintenance services to Dr. Matunas for the hardware and software.

Dr. Matunas claims that these services included storing his backup data tapes,

checking those tapes for corrupt data, and informing him if data was corrupted.

In July of 2005, Dr. Matunas's computer system crashed.  The backup tapes

supplied by PracticeWorks allegedly contained corrupted data, requiring expensive

work to restore the data.  Dr. Matunas brought this action in December of 2005 to

recover his damages.  His original suit included claims for breach of contract and

promissory estoppel.

The case had been assigned to a Magistrate Judge until May 7, 2007, when

it was transferred to this Court.  No Scheduling Order has yet been issued and

discovery has not yet started.

## ANALYSIS

1. **<u>Motion to Amend</u>**

Dr. Matunas seeks to amend his complaint to add a claim for under the Idaho

Consumer Protection Act (ICPA).  He alleges that PracticeWorks violated the

ICPA by making misrepresentations during sales pitches that it would review back-

up tapes to ensure that the data on the tapes was not corrupted.

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be

freely given when justice so requires." Absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

Here, discovery has not yet started, and no deadline has yet been set for amendments. Under these circumstances, there is a presumption in favor of allowing the amendment.  However, amendments may be denied where they would be futile because subject to dismissal. *Saul v. United States*, 928 F.2d 829 (9th Cir. 1991).  PracticeWorks argues that the proposed amendment is futile and subject to dismissal because the Agreement prohibits any claims not based on Georgia law.

On this point, the Agreement states as follows: "This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia." On its face, this language does not cover the ICPA claim, which the Court reads as being based entirely on pre-Agreement negotiations.  The ICPA claim does not depend on the Agreement for its resolution.  It would have been a simple matter for the drafters to include "all negotiations leading up to the Agreement" in the choice-of-law provision but failed to do so.  The Court will not re-write the provision to add that phrase.

PracticeWorks argues that Idaho cases require that an ICPA claim "must be

**Memorandum Decision and Order – Page 3**

based on a contract" and hence is intertwined with the Agreement. *See Haskin v. Glass*, 640 P.2d 1186, 1189 (Id.Ct.App. 1982). But *Haskin* only required that a transaction be completed and not be merely contemplated. *Id. Haskin* did not hold that the contract would need to be construed, or would govern the ICPA claim in any way. Thus, *Haskin* does not alter the Court's analysis.

PracticeWorks cites *Northeast Data Systems, Inc. v. McDonnell Douglas Computer System Co.,* 986 F.2d 607 (1st Cir. 1993) for its holding that parties will not be allowed to avoid choice-of-law provisions by artful pleading. In that case, the plaintiff alleged unfair trade practice claims that were "embroidered" breach of contract claims. *Id*. at 609-10. PracticeWorks argues that the ICPA claim is merely an "embroidered" breach of contract claim designed to avoid the choice-of-law provision.

Actually, the ICPA claim is much closer to a claim that was allowed in *Northeast Data*. There, the court allowed a claim alleging fraud during the negotiations leading up to the contract. The court stated that since this claim arose during the "formation of the contract, it cannot be categorized as one involving the rights or obligations arising under the contract." *Id*. at 611. The same analysis applies here.

For all these reasons, the Court will grant Dr. Matunas's motion to amend.

**Memorandum Decision and Order – Page 4**

The Court's decision is predicated on its interpretation of the ICPA claim: The
ICPA claim is limited to pre-Agreement negotiations and does not require any
interpretation of the Agreement itself.  Dr. Matunas will not be permitted to
broaden the claim beyond pre-Agreement negotiations.

**2.     Motion to Dismiss or for Change in Venue**

PracticeWorks seeks either a dismissal or a change in venue based on the
forum-selection clause. That full clause states as follows:

> This Agreement shall be governed by and construed in accordance with
> the laws of the State of Georgia. [Dr. Matunas] and [PracticeWorks]
> hereby agree that a court sitting in Atlanta, Georgia (state or federal, at
> [PracticeWork's] option) shall be the exclusive forum for the resolution
> of any controversies or disputes which arise under this Agreement.

PracticeWorks claims that this provision requires that suit be filed in Georgia, and
that this action must accordingly be dismissed.

Rule 12(b)(3) governs this motion.  *Kukje Hwajae Ins. Co. v. M/V Hyundai
Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).  Under that Rule, the Court must
accept the pleadings as true and may consider facts outside the pleadings.  *Id*.

At the outset, federal law governs, and holds that "[f]orum selection clauses
are *prima facie* valid, and are enforceable absent a strong showing by the party
opposing the clause that enforcement would be unreasonable or unjust, or that the
clause is invalid for such reasons as fraud or over-reaching."  *The Bremen v.*

**Memorandum Decision and Order – Page 5**

*Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972)(internal quotations omitted).  Another

exception applies "if enforcement would contravene a strong public policy of the

forum in which suit is brought, whether declared by statute or by judicial

decision." *Id.*

Here, suit was brought in Idaho where there is a strong public policy against

enforcing forum-selection clauses.  The Idaho Legislature has declared such

clauses void.  *See* Idaho Code § 29-110(1).

Thus, for any claim governed by Idaho law, the forum selection clause

cannot be enforced.  The ICPA claim – newly added by amendment – is obviously

governed by Idaho law.  As the Court held above, this claim is not subject to the

choice-of-law provision, and hence is not subject to dismissal under the forum-

selection clause.

The issue remains whether the remaining claims are subject to the choice-of-

law provision and hence subject to dismissal under the forum-selection clause.

The remaining claims are for (1) breach of contract and (2) promissory estoppel.  It

appears that both would involve construction of the Agreement and are therefore

covered by the choice-of-law provision dictating that Georgia law apply.  *See*

*Cerami-Kote, Inc. v. EnergyWave Corp.*, 773 P.2d 1143 (Id.Sup.Ct. 1989).  In

*Cerami-Kote,* the court concluded that a choice-of-law provision in the parties'

**Memorandum Decision and Order – Page 6**

agreement dictated that Florida law govern their dispute over the applicability of a forum-selection clause.  The court held that (1) Florida adopted the principles enunciated in *The Bremen;* (2) *The Bremen* did not enforce forum-selection clauses that violated the public policy of the state where the suit was filed, *i.e.*, Idaho; (3) Florida courts, applying *The Bremen*, would therefore follow Idaho Code § 29-110(1), voiding forum-selection clauses; and therefore (4) the forum-selection clause in *Cerami-Kote* would be declared void.

Following *Cerami-Kote's* analysis, the Court will apply Georgia law to the forum-selection clause dispute.  Like Florida, Georgia adopted *The Bremen* to govern challenges to forum-selection clauses in its courts.  *Iero v. Mohawk Finishing Prods., Inc.,* 534 S.E.2d 136, 139 (Ga.App.2000).  Thus, Georgia courts would – like Florida courts in *Cerami-Kote's* analysis – apply *The Bremen's* holding refusing to recognize forum-selection clauses that "would contravene a strong public policy of the forum in which suit is brought," *i.e.*, Idaho.  Because enforcement would contravene Idaho's policy, Georgia law would not enforce the forum-selection clause.

PracticeWorks points out, however, that *Iero* recognized that *The Brennen* limits its exception "to forum-selection clauses that might be damaging to the forum itself, not simply damaging to the litigants because of an unfavorable law in

**Memorandum Decision and Order – Page 7**

the selected forum." *Iero*, 534 S.E. 2d at 671.  PracticeWorks claims that the latter,

not the former, is the focus of Idaho Code § 29-110(1), and thus the statute cannot

be enforced.

The Court agrees with PracticeWorks that the focus must be on whether

Georgia would recognize Idaho Code § 29-110(1).  However, the Court reaches a

different conclusion than PracticeWorks on that issue.  While *Iero* does not apply

the public policy exception when the forum is "damaging to litigants because of an

unfavorable law in the selected forum," there has been no showing that Georgia

law is unfavorable to Dr. Matunas when compared to Idaho.

PracticeWorks cites to *McCarty v. Herrick*, 240 P. 192 (1925) for the

proposition that "section 29-110(1) is intended to avoid the 'hardship and expense

to litigants'" that might result from forum-selection clauses.  *See PracticeWorks'*

*Brief* at p. 9.  But *McCarty* does not ascribe to the statute an intent to avoid

unfavorable laws.  PracticeWorks cites nothing showing that the Idaho Legislature

passed the statute to avoid unfavorable laws.

For these reasons, the Court finds, after applying Georgia law, that the

Georgia courts would apply *The Bremen*, recognize Idaho Code § 29-110(1), and

hold that the forum-selection clause is void.  The Court therefore refuses to dismiss

this suit under Rule 12(b)(3).

**Memorandum Decision and Order – Page 8**

PracticeWorks argues next that venue should be changed to Georgia under 28 U.S.C. § 1404(a).  After viewing all the relevant factors, the Court does not agree and will deny this part of the motion as well.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (Docket No. 10) is GRANTED and the Second Amended Complaint (Docket No. 12) is hereby deemed filed.

IT IS FURTHER ORDERED, that the motion dismiss or transfer (Docket No. 5) is DENIED.



DATED:  **June 13, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge